UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAYMOND JACKSON, | ) | CASE NO. 1:08 CV 1097 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |

On April 30, 2008, pro se petitioner Raymond Jackson filed the above-captioned petition claiming the Federal Bureau of Prisons ("BOP") violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Mr. Jackson, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the BOP based on its policy of categorically barring prisoners from early release who have prior convictions for a crime of violence.

BACKGROUND

Petitioner was convicted of armed robbery in 1949. He asserts that since that time he has never been convicted of a violent offense. While he was convicted of drug trafficking in this court in 1990, United States v. Jackson, No. CR90-719 (N.D. Ohio 1990)(Potter, J.), he maintains

that this is not a violent felony.

On March 24, 2008, Mr. Jackson sent an Inmate Request to Staff form to the "Interviewing Doctor" for the Residential Drug Abuse Program at F.C.I. Elkton. He advised that he was informed upon his arrival that he would be ineligible for participation in the RDAP because of his 1949 conviction. A drug treatment specialist, Debra Yovichin, replied that his prior conviction would not make him ineligible from participating in a RDAP. Ms. Yovichin added that he would, however, be ineligible for early release as provided by 18 U.S.C. § 3621(e). Moreover, she noted that the BOP Policy which prohibits early release under Mr. Jackson's circumstances is set forth in Program Statement (P.S.) 5330.10, Chapter 6, p. 12, under "Prior Adult Criminal Record."

Petitioner argues that the BOP's policy of categorically excluding certain prisoners from taking advantage of early release incentive violates the APA. He believes this court should direct the BOP to engage in a case by case "interview." While he understands the BOP's decision to "exclude people with violent pasts is for the concern of the safety of the society in the immediate future," he believes the fact that he has not committed a violent offense in 60 years should clearly indicate that he is not ready to resort to "resort to life-endangering violence" as the Supreme Court noted in Lopez v. Davis, 531 U.S. 230, 239-41 (2001). As a consequence, he asserts that the BOP is violating the APA when it categorically excludes prisoners like him from the possibility of early release upon completion of a RDAP.

ANALYSIS

Mr. Jackson relies heavily on the Ninth Circuit Court's opinion in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2001) to argue that the BOP's policy is arbitrary and capricious. Arrington involved a series of challenges to the BOP's implementing regulation governing early

release of prisoners who successfully complete a residential substance abuse program. The petitioners were eighteen prisoners or former prisoners who were convicted of offenses involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives. They argued that although the BOP had the authority to implement a categorical exclusion of prisoners who are otherwise statutorily eligible for early release, it was required to provide a rationale for its decision. Thus, the Ninth Circuit only addressed that portion of the implementing regulation which categorically excluded from eligibility for early release those whose "current offense is a felony.... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives[.]" 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000). In answer to the question whether the BOP violated Section 706(2)(A) of the APA when it promulgated this regulation, the Ninth Circuit held that it did.

Mr. Jackson argues that Arrington supports his belief that the BOP's policy of categorical exclusion violates the APA. He notes further that even though one of the petitioners in Arrington had a prior robbery conviction, the Ninth Circuit "did not foreclose him from being considered for the early release." (Pet. at 4.) Petitioner now asks this court to command the BOP to consider him for early release since he is 78 years old and has not shown a readiness to resort to a life of violence.

ADMINISTRATIVE PROCEDURE ACT
5 U.S.C. § 706

The APA does not provide a federal court with any independent basis for jurisdiction. See Califano v. Sanders, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. See Dixie Fuel Co. v. Commissioner of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir.1999) (citing Califano, 430 U.S. at 107).

Although Mr. Jackson does not otherwise cite a basis for this court's jurisdiction, he is clearly arguing that the BOP is improperly executing his sentence. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(claims seeking to challenge the execution or manner in which the sentence is served shall be filed under 28 U.S.C. §2241)(citation omitted). Moreover, this court has personal jurisdiction over the custodian who has day to day control over Mr. Jackson. See Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). Therefore, this court has jurisdiction pursuant to 28 U.S.C. § 2241.

The APA instructs that any person detrimentally affected by an agency decision is entitled to judicial review of that decision. See 5 U.S.C. § 702. Such review is not, however, afforded in cases where (1) the statute precludes review; or (2) the action complained of has been committed to agency discretion. See 5 U.S.C. § 701(a).

The issue at the centerpiece of Mr. Jackson complaint is whether the BOP violated the APA when it promulgated its regulation excluding "[i]nmates who have a prior felony or misdemeanor conviction for ... robbery." See 28 C.F.R. § 550.58(a)(iv). Contrary to petitioner's characterization of the law, his issue is not supported by Arrington and is foreclosed by relevant case law as it relates to the regulatory history of this issue.

### 18 U.S.C. § 3621

The imprisonment of persons convicted of federal crimes is governed by 18 U.S.C. § 3621. Congress amended the statute in 1990 by directing the BOP to provide residential substance abuse treatment programs for prisoners determined to have a treatable condition of substance addiction or abuse. Crime Control Act of 1990, Pub.L. No. 101-647, § 2903, 104 Stat.

4789, 4913 (codified at 18 U.S.C. § 3621(b)). After four years, it appeared that treatment programs were being under-utilized and Congress responded by, again, amending the statute to provide an early release incentive to encourage prisoner participation. Violent Crime Control and Law Enforcement Act of 1994, 103 Pub.L. No. 322, § 32001, 108 Stat. 1796, 1896-97. The statute provides that the BOP may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment. 18 U.S.C. § 3621(e)(2)(B).

The first rule and corresponding regulation detailing the procedures to determine eligibility for early release under § 3621(e) was promulgated by the BOP in May 1995. 60 FED. REG. 27692 (May 25, 1995); 28 C.F.R. § 550.58 (1995). When it defined a "non-violent offense," the BOP relied on the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3). The regulation rendered ineligible for early release those "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)."[1] 28 C.F.R. § 550.58 (1995). Several months later, the BOP issued a program statement that purported to further restrict eligibility under the statute by categorizing as "crimes of violence" firearms convictions under 18 U.S.C. § 922(g) as well as drug trafficking convictions under 21 U.S.C. § 841 or § 846, if the offender received a two-level enhancement for weapons possession under United States Sentencing Commission Guidelines Manual § 2D1.1(b)(1). BUREAU OF PRISONS PROGRAM STATEMENT NO. 5162.02, §§ 7, 9 (July 24, 1995).

Five circuit courts of appeal held that neither disqualification was for a "crime[ ] of

---

[1] Title 18 U.S.C. § 924(c)(3)(A)-(B) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

5

violence" under the statutory definition contained in § 924(c)(3) and that the BOP must consider eligible for early release as nonviolent offenders those with convictions under 18 U.S.C. § 922(g) as well as those with convictions under 21 U.S.C. § 841 whether or not they received sentencing enhancements for weapons possession. See Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir.1998) (holding impermissible the Bureau's interpretation of § 3621(e) as precluding from eligibility for early release prisoners who received sentence enhancements for nonviolent offenses); Byrd v. Hasty, 142 F.3d 1395, 1397-98 (11th Cir.1998) (same); Martin v. Gerlinski, 133 F.3d 1076, 1079-80 (8th Cir.1998) (same); Davis v. Crabtree, 109 F.3d 566, 568-70 (9th Cir.1997); Roussos v. Menifee, 122 F.3d 159, 162-64 (3d Cir.1997) (same). Three circuits reached the opposite conclusion. See Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir.1999) (holding Bureau's definition of crime of violence was permissible); Parsons v. Pitzer, 149 F.3d 734, 737-39 (7th Cir.1998) (same); Venegas v. Henman, 126 F.3d 760, 763 (5th Cir.1997) (same).

In response to the varying definitions of a nonviolent offense, the BOP revised its position. The agency removed its reference to § 924(c)(3) from the regulation and abandoned its attempt to determine eligibility based on an interpretation of the phrase "nonviolent offense." Instead, the BOP issued an interim rule in 1997 that asserted the agency's discretionary authority to determine eligibility for early release under § 3621(e). 62 FED. REG. 53690 (Oct. 15, 1997) ("1997 interim rule"). Exercising its discretion, the BOP narrowed the class of prisoners eligible for early release beyond just "nonviolent" offenders.

The decision was followed by challenges to whether the categorical exclusion rule was a permissible exercise of the agency's discretion. Two circuit courts concluded that the 1997 interim rule was a permissible exercise of the BOP's discretion to narrow the class of prisoners

6

eligible for early release under § 3621(e). See Bellis v. Davis, 186 F.3d 1092, 1095 (8th Cir.1999); Bowen v. Hood, 202 F.3d 1211, 1220 (9th Cir.2000). Two circuit courts reached the contrary result. See Ward v. Booker, 202 F.3d 1249, 1256-57 (10th Cir.2000); Kilpatrick v. Houston, 197 F.3d 1134, 1135 (11th Cir.1999).

Considering the split between circuits, the Supreme Court granted certiorari to resolve the dispute. It was in Lopez v. Davis, that the Court upheld the validity of the 1997 interim rule, reasoning that the BOP permissibly exercised the discretion afforded the agency by the statute to narrow the class of prisoners eligible for early release. Lopez, 531 U.S. at 239-41. The Ninth Circuit subsequently struck down the rule on procedural grounds four years later. It held that the BOP failed to comply with the APA's notice and comment provisions. Paulsen v. Daniels, 413 F.3d 999, 1004 (9th Cir.2005) (holding "[t]he Bureau plainly violated [Section 553 of] the APA in its promulgation of the 1997 interim regulation").

The Paulsen decision only addressed the 1997 interim regulation and in December 2000 the BOP promulgated a final rule. The final rule, identical to the 1997 interim rule, relied on the agency's discretion to narrow the class of prisoners eligible for early release by excluding those convicted of offenses involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives. 65 FED. REG. 80745, 80747-748 (Dec. 22, 2000) (stating that "Congress did not mandate that all eligible inmates must receive the early release incentive. The reduction in sentence is an incentive to be exercised at the discretion of the Bureau of Prisons"). The BOP offered the following explanation for its rule:

> The first interim rule attempted to define the term "crime of violence" pursuant to 18 U.S.C. § 924(c)(3). Due to varying interpretations of the regulation and case law, the Bureau could not apply the regulation in a uniform and consistent

>manner.

>The third interim rule sought to resolve this complication. In the third interim rule, we used the discretion allotted to the Director for granting a sentence reduction to exclude inmates whose current offense is a felony ... that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)....

Id. at 80747. It was in Arrington that the group of prisoners attacked the final rule based solely on the BOP's alleged failure to state a rationale for its categorical exclusion rule, and thus render the regulation arbitrary and capricious in violation of Section 706(2)(A) of the APA.

The regulatory history of the BOP's implementation of §3621 reveals that Mr. Jackson's case is distinguishable from Arrington based on a significant difference. The underlying disputes which led up to and included Arrington address the fact that the BOP was not only extending its definition of a 'crime of violence,' but expanding the scope of non-violent offenders to exclude from consideration for early release. Without revisiting that discussion, there is no dispute that Mr. Jackson falls within the class of "[i]nmates who have a prior felony or misdemeanor conviction for ... robbery." See 28 C.F.R. § 550.58(a)(iv). Further, there is no dispute, and Mr. Jackson does not contest, that armed robbery qualifies as a crime of violence.

In his defense, petitioner claims that the Ninth Circuit did not "foreclose" that petitioner's consideration for early release even though he had a prior conviction for armed robbery. That statement, however, is not a true representation of the facts in Arrington. The BOP argued that the petitioner in Arrington was ineligible for a sentence reduction under § 3621(e) on the ground that he had a prior robbery conviction. In response, the Ninth Circuit noted that the district court's opinion did not reach "this alternative ground of ineligibility." Arrington, 516 F.3d at 1115. Thus,

the appeals court directed that "the district court shall first determine whether he is ineligible for relief because of a prior conviction." Id.

It is clear Mr. Jackson cannot rely on Arrington to support his petition. He is not within the class of prisoners for which that decision provided redress. More important, Mr. Jackson has not alleged that it is beyond the BOP's discretion to exclude those prisoners from consideration for early release who have a prior felony conviction for armed robbery. See 5 U.S.C. § 701(a). Without such an allegation, petitioner has failed to state a violation of the APA.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 1915A[2] and 28 U.S.C. § 2243. While unfortunate when addressing a prisoner 78 years of age, this court must apply the law as outlined here. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]The relevant statute provides:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> . . .
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) . . . fails to state a claim upon which relief may be granted

28 U.S.C. §1915A(b)(1).